UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERICO GIL,**<br>**Plaintiff**<br>v.<br>**84 LUMBER ACQUISTION AND DEVELOPMENT COMPANY, L.P.,**<br>**Defendants** | CASE NO. 1:21-CV-0701 AWI HBK<br><br>ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br>(Doc. No. 5) |

This is a labor related dispute between Plaintiff Federico Gil ("Gil") against his former employer, Defendant 84 Lumber Acquisition and Development Co., L.P. ("84L"). Gil brings fourteen claims under California statutory and common law, primarily the California Fair Employment and Housing Act and the California Labor Code. 84L removed this matter from the Fresno County Superior Court on the basis of diversity jurisdiction and now moves to compel arbitration. Gil filed no opposition or response of any kind to 84L's motion. For the reasons that follow, the Court will grant the motion to compel arbitration.

*Parties' Arguments*

84L argues that Gil entered into a Voluntary Dispute Resolution Policy agreement ("VDR"). Pursuant to the VDR, 84L and Gil agreed to arbitrate all "disputes," which included claims that relate to or arise out of Gil's employment. Gil did not utilize a 30 day period to opt out of the VDR and signed an acknowledgment that he had read the VDR and gave up his right to a court or jury trial. Because all claims alleged are subject to the arbitration clause, the Court should order the parties to arbitration and stay this matter pending completion of arbitration.

Gil has filed no opposition or response of any kind to 84L's motion.

*Legal Standard*

The Federal Arbitration Act states that any agreement within its scope "shall be valid, irrevocable, and enforceable," and permits a party "aggrieved by the alleged . . . refusal to arbitrate" to petition any federal district court for an order compelling arbitration.  9 U.S.C. § 4; Chiron Corp. v. Ortho Diagnostics Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).  A district court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  Revitch v. DIRECTV, LLC, 977 F.3d 713, 716 (9th Cir. 2020); Chiron, 207 F.3d at 1130.  If the answer to both questions is 'yes,' the district court must enforce the arbitration agreement in accordance with its terms; there is no place for discretion by the district court.  Revitch, 977 F.3d at 716.  Thus, "courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue."  Granite Rock Co. v. International Bhd. Of Teamsters, 561 U.S. 287, 299 (2010); Revitch, 977 F.3d at 716.  If a court orders the parties to arbitration, the Arbitration Act provides for the court to stay the matter pending completion of the arbitration.  See 9 U.S.C. § 3; Ziober v. BLB Res., Inc., 839 F.3d 814, 817 (9th Cir. 2016).  However, when all claims in a complaint are within the scope of an arbitration agreement, the court may dismiss the entire action instead of issuing a stay.  Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

*Discussion*

The VDR is sweeping and defines the term "dispute" broadly.  Under the VDR, all claims that relate to or arise out of the employment or termination of employment of an employee by 84L are subject to arbitration.  Examples of disputes that are included in the VDR include "claims for wages or other compensation due," "tort claims," "claims of discrimination,' and "claims for violation of any . . . state . . . statute . . . ."   All of Gil's claims involve statutory violations or common law torts concerning discrimination, wages, or other labor practices.  The plain language of the VDR indicates that all of Gil's claims are subject to the VDR and thus, to arbitration.

In the absence of an opposition from Gil, the Court concludes that all of his claims are subject to arbitration. 84L's motion to compel arbitration will be granted. However, while 84L recognizes that all of Gil's claims are covered by the VDR, 84L does not explain why the Court should stay this matter instead of exercising its discretion to dismiss.

It is the Court's general preference to dismiss cases in which all claims are subject to arbitration. See Valley Select Foods, Inc. v. Fordel Mktg., LLC, 2021 U.S. Dist. LEXIS 108360, *2 (E.D. Cal. June 8, 2021). Parties generally request a stay because of the possibility that there may be a challenge to the arbitration award or the necessity of a motion to enforce an arbitration award. Such concerns are often speculative, and nothing indicates that such additional procedures will be needed in this case. Further this Court has one of the most congested dockets in the country. That congestion is made worse by the fact that there is only one full time active district judge in the Fresno Division. The Court detects nothing that is unique about this case that would strongly counsel in favor of the Court staying this action and actively monitoring its docket for this case to ensure that the parties inform it of a resolution. Because all claims will be sent to arbitration, the Court will exercise its discretion and dismiss this case. See Sparling, 864 F.2d at 638.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel arbitration (Doc. No. 5) is GRANTED;
2. The parties SHALL SUBMIT all claims pending in this matter to arbitration in accordance with the "Voluntary Dispute Resolution Policy" signed on October 29, 2019; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   August 3, 2021                    _____
                                            SENIOR DISTRICT JUDGE